JOHN DENBY *v.* COMMISSIONER OF CORRECTION
(AC 20499)

Lavery, C. J., and Landau and Healey, Js.

Argued September 13—officially released November 13, 2001

*James Streeto*, deputy assistant public defender, for the appellant (petitioner).

*Bruce R. Lockwood*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's

attorney, and *Beth Baran*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

LANDAU, J. The petitioner, John Denby, appeals from the judgments of the habeas court dismissing his amended petitions for writs of habeas corpus in which he alleged that he received ineffective assistance of habeas counsel with respect to his first habeas action in which he sought a writ of habeas corpus. On appeal, the petitioner claims that the second habeas court improperly concluded that (1) his right to effective assistance of counsel was not violated with respect to his first habeas action and (2) that he was not innocent of the criminal charges against him. We affirm the judgments of the habeas court.[1]

This case has a lengthy history subsequent to the petitioner's conviction for narcotics violations. We set out the underlying facts when we affirmed the petitioner's conviction in *State* v. *Denby*, 35 Conn. App. 609, 646 A.2d 909 (1994), aff'd, 235 Conn. 477, 668 A.2d 682 (1995). "On May 17, 1992, New Haven police officers Andrew Muro and Peter Carusone were working in the Newhallville section of New Haven. Muro received information from an informant that the [petitioner] was selling drugs at 51 Lilac Street, which was approximately 820 feet from the Lincoln Basset School. He and Carusone, both of whom knew the [petitioner], drove by the address and saw the [petitioner] on the front porch. They set up a surveillance of the [petitioner's] activities. Muro watched the front porch from a nearby alley. Carusone remained at a police substation parking lot, ready to assist Muro upon apprehension of the [petitioner].

---

[1] Throughout this opinion, references to the habeas petitions and to the habeas court are to the petitioner's second habeas action, unless otherwise noted.

"Muro observed a female walk up to the porch of the building and heard her say she 'wanted one.' The [petitioner] reached into his right pants pocket, pulled out a clear plastic bag, removed an item from it, and handed it to the female. The female then gave the [petitioner] money. A short time later, Muro saw the [petitioner] carry out a second transaction with another individual similar to the previous transaction.

"After informing Carusone of his observations, the officers returned to the premises under surveillance where Muro encountered the [petitioner] in the hallway and arrested him. In his right pocket, the [petitioner] had a clear plastic bag containing packets of white powder that field-tested positive for cocaine." Id., 612. The petitioner was convicted by a jury of possession of cocaine with the intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b)[2] and possession of cocaine with the intent to sell within 1000 feet of a school in violation of General Statutes (Rev. to 1991) § 21a-278a (b).[3]

Subsequent to his direct appeal, the petitioner filed a petition for a writ of habeas corpus alleging that his trial counsel was ineffective. The first habeas court dismissed his petition. This court affirmed the dismissal in a memorandum decision. *Denby* v. *Commissioner*

---

[2] General Statutes § 21a-278 (b) provides in relevant part: "Any person who . . . distributes, sells . . . dispenses . . . transports with the intent to sell or dispense, possesses with the intent to sell or dispense . . . any narcotic substance . . . *and who is not at the time of such action a drug-dependent person* . . . shall be imprisoned not less than five years nor more than twenty years . . . ." (Emphasis added.)

[3] General Statutes (Rev. to 1991) § 21a-278a (b) provides in relevant part: "Any person who violates section . . . 21a-278, *and who is not, at the time of such action, a drug-dependent person,* by . . . distributing, selling . . . transporting with the intent to sell or dispense, possessing with the intent to sell or dispense . . . any controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary or secondary school shall be imprisoned for a term of three years . . . ." (Emphasis added.)

*of Correction,* 47 Conn. App. 931, 707 A.2d 1287, cert. denied, 244 Conn. 909, 713 A.2d 828 (1998). The petitioner then filed three amended petitions for writs of habeas corpus, which alleged that his first habeas counsel had failed to render effective assistance and that he was in fact innocent of the underlying criminal charges because he was drug-dependent. The petitions were consolidated for trial. In a thorough memorandum of decision, the habeas court dismissed the petitions, concluding that the assistance of the petitioner's first habeas counsel was not deficient and that the petitioner had failed to sustain his burden of proof with respect to his claim of innocence. Following the habeas court's granting of certification to appeal, the petitioner appealed from the dismissal of his petitions to this court.

I

We first address the petitioner's claims of ineffective assistance of his first habeas counsel. We disagree with the petitioner's claims because he has not demonstrated that he was prejudiced by his counsel's performance, regardless of whether counsel's performance was deficient.

Our Supreme Court set the standard of review to be afforded an appeal from the dismissal of a habeas corpus petition alleging ineffective assistance of habeas counsel in *Lozada* v. *Warden,* 223 Conn. 834, 613 A.2d 818 (1992). "To succeed in his bid for a writ of habeas corpus, the petitioner must prove both (1) that his appointed habeas counsel was ineffective, and (2) that his trial counsel was ineffective. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance preju-

diced the defense. . . . Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable. *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, reh. denied, 467 U.S. 1267, 104 S. Ct. 3562, 82 L. Ed. 2d 864 (1984); *Aillon* v. *Meachum*, [211 Conn. 352, 357, 559 A.2d 206 (1989)]. . . . *Williams* v. *Warden*, 217 Conn. 419, 422, 586 A.2d 582 (1991). Only if the petitioner succeeds in what he admits is a herculean task will he receive a new trial." (Internal quotation marks omitted.) *Lozada* v. *Warden*, supra, 842–43.

"When reviewing the decision of a habeas court, the facts found by the habeas court may not be disturbed unless the findings were clearly erroneous. . . . The issue, however, of [w]hether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." (Citations omitted; internal quotation marks omitted.) *Ghant* v. *Commissioner of Correction*, 255 Conn. 1, 6, 761 A.2d 740 (2000).

Because the petitioner must satisfy both prongs of the *Strickland* test to prevail on a habeas corpus petition, this court may dispose of the petitioner's claim if he fails to meet either prong. See *Taft* v. *Commissioner of Correction*, 47 Conn. App. 499, 504, 703 A.2d 1184 (1998). We therefore need not decide whether the petitioner was denied the effective assistance of either his trial or habeas counsel because he has failed to demonstrate that he was prejudiced by his counsels' assistance, whether or not it was deficient.

Although the petitioner alleged thirteen ways in which his first habeas counsel's representation was ineffective, at his habeas trial he focused on habeas

counsel's failure to raise claims that his trial counsel did not call expert witnesses and offer his medical records into evidence to prove that he was drug-dependent, did not call an audiologist as an expert witness to testify that Muro could not have heard the conversation between the petitioner and individuals buying narcotics from him, and did not inform him of an offer to plea bargain. He also focused on the fact that his first habeas counsel did not raise the issue that the petitioner was not represented by counsel at his pretrial and arraignment. The petitioner has pursued all of these claims on appeal, except the claim related to an offer to plea bargain. We address each of these claims in turn, mindful that the petitioner's claims related to his habeas counsel must fail if his claims of ineffective assistance of trial counsel are unavailing. See *Lozada* v. *Warden,* supra, 223 Conn. 842–43.

## A

The petitioner's claim of ineffective assistance of trial counsel with respect to his drug dependency founders in the face of his theory of defense at trial and his claims of actual innocence in his habeas petitions. The substance of the petitioner's habeas argument is that if his trial counsel had proved that he was drug-dependent, he would not have been convicted of violating §§ 21a-278 (b) and 21a-278a (b) and therefore he would have received a shorter sentence.

The habeas court concluded that the petitioner's defense of drug dependency, if pressed at trial, would have undermined his claim of innocence. In reaching its conclusion, the habeas court noted that the petitioner testified that he abused drugs and his brother-in-law testified that they used drugs together. The habeas court also reviewed the medical records that the petitioner claimed should have been offered into evidence. The petitioner also testified that he did not sell narcotics.

The court stated that "the presentation and emphasis on such evidence would likely have undercut the petitioner's primary theory of defense—that he didn't do it. First, many of these records were generated by the department of correction as a result of screenings during prior periods of incarceration, a fact that would otherwise remain unknown to the jury. Second, the more he and his counsel chose to emphasize how much his desire for drugs controlled his actions, the less likely the jury was to believe that the petitioner would not have engaged in the crime of possession with intent to sell. Moreover, at the first habeas trial, the petitioner's trial counsel testified that he had no recollection of any discussion with the petitioner about a trial strategy that would have attacked the claim that the petitioner was not drug-dependent and admitted the difficulty of advancing such alternative defense theories simultaneously."

On the basis of our review of the record and the applicable law, we agree with the reasoning of the habeas court and conclude that the petitioner has failed to overcome the *Strickland* prejudice prong with respect to the assistance rendered by his trial counsel.

## B

The petitioner's second ineffective assistance claim is that his first habeas counsel failed to present a claim that the petitioner was not represented by counsel during his arraignment and plea negotiations in violation of the sixth amendment to the United States constitution. He claims further that his failure to be represented by counsel during these proceedings tainted the entire course of the proceedings against him and caused him prejudice. The habeas court found to the contrary.

The petitioner was not incarcerated while the underlying charges were pending against him because he had posted a $25,000 bond. At the time, he was represented

by private counsel on other charges, and he and his family were attempting to secure private counsel on the new charges as well. There is no evidence that the petitioner was not informed of his right to be represented by a public defender if he could not hire private counsel, and there is no evidence that he ever applied for a public defender. To the contrary, he was told repeatedly that he should have an attorney. Eventually, he obtained the services of trial counsel, who was employed by New Haven Legal Assistance. Although he retained trial counsel shortly before trial, counsel was able to prepare adequately. In fact, trial counsel was familiar with the petitioner, having previously represented him in a criminal case that went to trial and in which the petitioner was acquitted. There has been no showing of any prejudice to the petitioner by what appears to have been his choice not to request a public defender to represent him and by postponing the engagement of his trial counsel until shortly before trial. We agree with the habeas court's analysis of the evidence.

## C

The last of the petitioner's ineffective assistance claims concerns trial counsel's failure to obtain expert testimony to impeach Muro's testimony as to what he had heard. During the habeas hearing, counsel presented expert testimony from an audiologist to the effect that Muro could not have heard a woman tell the petitioner that she "wanted one" from where he was observing the activity on the porch at 51 Lilac Street. The habeas court concluded that whether a person could hear a conversation 100 feet away was within the realm of ordinary human experience and that the jury needed no assistance from an expert witness in that regard. More importantly, however, the habeas court noted that the more damaging part of the police officer's testimony concerned what he observed, not what he

heard. Muro saw the petitioner hand the woman something that he retrieved from a clear plastic bag in his pocket and receive money in exchange. The contents of the bag later proved to be cocaine. On the basis of what Muro saw, a jury reasonably could have concluded that the petitioner sold cocaine to the woman. We therefore conclude that the petitioner was not prejudiced by his trial counsel's failure to call an audiologist to provide expert testimony.

## II

The petitioner's last claim is that the habeas court improperly concluded that he was not innocent of the crimes with which he was charged. We do not agree.

In a petition for a writ of habeas corpus, "the proper standard for evaluating a freestanding claim of actual innocence, like that of the petitioner, is twofold. First, the petitioner must establish by clear and convincing evidence that, taking into account all of the evidence— both the evidence adduced at the original criminal trial and the evidence adduced at the habeas corpus trial— he is actually innocent of the crime of which he stands convicted. Second, the petitioner must also establish that, after considering all of that evidence and the inferences drawn therefrom as the habeas court did, no reasonable fact finder would find the petitioner guilty of the crime." *Miller* v. *Commissioner of Correction*, 242 Conn. 745, 747, 700 A.2d 1108 (1997).

At trial, the petitioner testified before the jury that he abused drugs. His brother-in-law testified that he and the petitioner used drugs. The jury, however, declined to believe that the petitioner was drug-dependent. The issue was one of credibility. "[T]he credibility of a witness is for the jury to determine." *State* v. *Morant*, 242 Conn. 666, 682, 701 A.2d 1 (1997). This court does not sit as another "juror who may cast a vote against the verdict based upon our feeling that some

doubt of guilt is shown by the cold printed record. . . . Rather, we must defer to the jury's assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . This court cannot substitute its own judgment for that of the jury if there is sufficient evidence to support the jury's verdict. . . . Moreover, [i]n viewing evidence which could yield contrary inferences, the jury is not barred from drawing those inferences consistent with guilt and is not required to draw only those inferences consistent with innocence. The rule is that the jury's function is to draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical." (Internal quotation marks omitted.) *State* v. *Cooper*, 65 Conn. App. 551, 557–58, 783 A.2d 100 (2001).

During the habeas hearing, the habeas court found the testimony of the petitioner's expert, Robert Sant'Angelo, wanting, concluding that Sant'Angelo's testimony at trial would have suffered the same infirmities that it had suffered during the habeas hearing. Sant'Angelo was retained after the petitioner had been arrested and charged with the crimes of which he was convicted. He never had the benefit of examining the petitioner at or near the time of the relevant events. The petitioner therefore failed to prove by clear and convincing evidence that he was a drug-dependent individual and therefore could not have been found guilty of violating §§ 21a-278 (b) and 21a-278a (b). He also failed to establish that no reasonable fact finder would find him innocent of the crimes with which he was charged.

The judgments are affirmed.

In this opinion the other judges concurred.