JOHN WIDEMAN *v.* COMMISSIONER OF
CORRECTION
(AC 21497)

Landau, Mihalakos and Dupont, Js.

Submitted on briefs December 13, 2001—officially released January 29, 2002

*Patrice A. Cohan,* special public defender, filed a brief for the appellant (petitioner).

*Jonathan C. Benedict,* state's attorney, and *Joseph Corradino,* assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, John Wideman, appeals from the habeas court's denial of his amended petition for a writ of habeas corpus. Following the habeas court's granting of the petitioner's request for certification to appeal, the petitioner appealed, claiming that the court abused its discretion when it concluded that he was not denied the effective assistance of counsel at trial. We affirm the judgment of the habeas court.

In 1993, the petitioner was convicted of kidnapping in the first degree in violation of General Statutes § 53a-92 (a) (2) (A), conspiracy to commit both kidnapping in the first degree and sexual assault in the first degree in violation of General Statutes §§ 53a-92 (a) (2) (A), 53a-70 (a) (1) and 53a-48 (a), aiding sexual assault in the first degree in violation of General Statutes §§ 53a-

8 and 53a-70 (a) (1) and sexual assault in the first degree in violation of § 53a-70 (a) (1). This court upheld the petitioner's conviction on direct appeal. *State* v. *Wideman*, 36 Conn. App. 190, 650 A.2d 571 (1994), cert. denied, 232 Conn. 903, 653 A.2d 192 (1995).

In his amended petition for a writ of habeas corpus, the petitioner alleged that his trial counsel was ineffective because he permitted the petitioner to waive his right to testify on his own behalf. In its memorandum of decision, the court noted that the defendant had a constitutional right to testify at trial and that the decision to testify is one that the petitioner had to make himself on the basis of the advice of counsel. The court found that the petitioner made the decision not to testify himself on the basis of the advice of counsel and that counsel's advice fell within the range of competence displayed by lawyers of ordinary training and skill in the criminal law.[1] The court concluded that counsel's advice to the petitioner that he not testify at trial was a reasonable tactical choice. The defense theory was that the sexual acts were consensual, and thus the issue at trial turned on the credibility of the victim and the petitioner. The victim testified that she performed the sexual acts because she was afraid of the petitioner. At the time, the victim knew that the petitioner was free on bail after being indicted for a double homicide.[2] Trial counsel advised the petitioner not to testify to avoid cross-examination about his criminal history. Trial counsel cross-examined the victim about her own criminal past, her drug addition and subsequent history with the petitioner. The habeas court concluded that the cross-examination of the victim by the petitioner's trial counsel was done well.

---

[1] The petitioner's expert witness at the habeas trial testified that trial counsel's assistance was within the range of competence of criminal lawyers of ordinary training and skill.

[2] The petitioner was subsequently convicted in the homicide case.

For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for counsel's mistakes, the result of the proceeding would have been different. See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "When reviewing the decision of a habeas court, the facts found by the habeas court may not be disturbed unless the findings were clearly erroneous. . . . The issue, however, of [w]hether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." (Internal quotation marks omitted.) *Denby* v. *Commissioner of Correction*, 66 Conn. App. 809, 813, 786 A.2d 442 (2001), cert. denied, 259 Conn. 908, 789 A.2d 994 (2002).

The habeas court's dismissal of the petition for a writ of habeas corpus was predicated on a factual review of the petitioner's claim that he was denied the effective assistance of counsel and a determination that the petitioner had failed to rebut the strong presumption that "counsel's conduct [fell] within the wide range of reasonable professional assistance . . . ." *Safford* v. *Warden*, 223 Conn. 180, 193, 612 A.2d 1161 (1992). On the basis of our review of the record and briefs, we conclude that the court's findings were not clearly erroneous and that the court did not abuse its discretion by dismissing the amended petition for a writ of habeas corpus.

The judgment is affirmed.