John DENBY, Petitioner–Appellant,

v.

**COMMISSIONER OF CORRECTION,**
Respondent–Appellee.

No. 05–5467–pr.

United States Court of Appeals,
Second Circuit.

May 4, 2007.

William M. Bloss, Koskoff Koskoff &
Bieder, P.C., Bridgeport, Connecticut, for
Appellant.

Michael E. O'Hare, Supervisory Assistant State's Attorney, Office of the Chief
State's Attorney, Civil Litigation Bureau,
Rocky Hill, Connecticut, for Appellee.

PRESENT: Hon. AMALYA L.
KEARSE, Hon. ROBERT D. SACK,
Circuit Judges, Hon. RICHARD MILLS,

District Judge.*

## SUMMARY ORDER

The petitioner-appellant John Denby appeals the district court's denial of a writ of habeas corpus under 28 U.S.C. § 2254. Denby contends that he received ineffective assistance of counsel during his state court trial on charges of (1) possession of cocaine with intent to sell by a person who is not drug-dependent, Conn. Gen.Stat. § 21a–278(b), and (2) possession of cocaine with the intent to sell within 1000 feet of a school, Conn. Gen.Stat. § 21a–278a(b). Denby was convicted by a jury on both counts and was sentenced to nineteen years in prison. Denby argues that his trial counsel was ineffective because counsel failed to investigate whether he was drug dependent, a finding of which would have reduced his maximum penalty from twenty-three years on the two charges to fifteen years on the first count alone. Denby also contends that he was denied effective assistance of habeas counsel, but there is no federal constitutional right to habeas counsel let alone effective habeas counsel in state collateral proceedings. *See Coleman v. Thompson,* 501 U.S. 722, 756–57, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). We assume that counsel and the parties are familiar with the facts, the procedural history of this case, and the scope of the issues presented on appeal.

To prove ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant must show that counsel's performance "fell below an objective standard of reasonableness," 466 U.S. at 688, 104 S.Ct. 2052, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," 466 U.S. at 694, 104 S.Ct. 2052. To grant petitioner's habeas petition, however, we must find not only that Denby's trial counsel provided ineffective assistance under *Strickland,* but also that the state court's denial of petitioner's writ of habeas corpus "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As this standard applies to the *Strickland* claim here, the state court's decision must have been not merely "incorrect or erroneous" but "objectively unreasonable." *Wiggins v. Smith,* 539 U.S. 510, 520–21, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (citing *Williams v. Taylor,* 529 U.S. 362, 409, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)).

The Appellate Court of Connecticut denied the ineffective assistance of trial counsel claim on the ground that Denby failed to satisfy the prejudice prong of *Strickland. Denby v. Comm. of Correction,* 66 Conn.App. 809, 815, 786 A.2d 442, 447 (Conn.App.2001). The Appellate Court relied on the trial court's determination that the defense of drug dependency, if investigated adequately prior to trial and pressed sufficiently during trial, would have undermined Denby's primary defense that he was actually innocent of the charges. *Id.* at 446–47; *see id.* at 447 ("[T]he more he and his counsel chose to emphasize how much his desire for drugs controlled his actions, the less likely the jury was to believe that the petitioner would not have engaged in the crime of possession with intent to sell.").

Although Denby's trial counsel's failure to investigate and pursue this defense was

* The Honorable Richard Mills, of the United States District Court for the Central District of Illinois, sitting by designation.

deficient, we cannot say that the Connecticut courts' conclusion that Denby was not prejudiced by his deficient counsel was "objectively unreasonable." Denby's petition for a writ of habeas corpus therefore must be denied.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.