WENDELL MINNIFIELD v. COMMISSIONER OF
CORRECTION
(AC 28370)

Flynn, C. J., and Lavine and Dupont, Js.

Argued September 25—officially released December 30, 2008

*Mark M. Rembish*, special public defender, for the appellant (petitioner).

*Nancy L. Chupak*, senior assistant state's attorney, with whom, on the brief, were *John A. Connelly* and *Gail P. Hardy*, state's attorneys, for the appellee (respondent).

*Opinion*

FLYNN, C. J. The petitioner, Wendell Minnifield, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. On appeal, the petitioner's sole claim is that the court improperly found that the petitioner had not been denied effective assistance of counsel in his prior habeas petition. We affirm the judgment of the habeas court.

The record reveals the following facts and procedural history. On June 25, 1996, the petitioner, represented by attorney Jayne Kennedy, pleaded guilty under the *Alford* doctrine[1] to one count of murder in violation of General Statutes § 53a-54a. Subsequent to the plea

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

hearing, the petitioner dismissed Kennedy as his counsel, and attorney Sheridan Moore was appointed to represent him. At the petitioner's sentencing hearing on August 30, 1996, Moore made an oral motion to withdraw the petitioner's guilty plea and requested a continuance. Moore represented to the court that she sought further time to investigate the petitioner's claims that his plea canvass was defective and that his plea was involuntary. Following a review of the plea hearing transcript, the court denied Moore's request for a continuance and denied the motion to withdraw the petitioner's guilty plea. The court sentenced the petitioner to a term of forty years incarceration.

On February 11, 1999, the petitioner filed an amended petition for a writ of habeas corpus, alleging that Kennedy provided him ineffective assistance. Attorney Katherine Goodbody represented the petitioner in this first habeas petition. The amended petition alleged that Kennedy was ineffective in not sufficiently investigating the case prior to the petitioner's guilty plea, failing to file a motion to suppress the petitioner's confession and misinforming the petitioner as to his sentence. The court denied the petition, and this court affirmed the court's judgment. See *Minnifield* v. *Commissioner of Correction*, 62 Conn. App. 68, 767 A.2d 1262, cert. denied, 256 Conn. 907, 772 A.2d 596 (2001).

The petitioner filed the present amended petition for a writ of habeas corpus on April 20, 2006, alleging ineffective assistance of counsel against Goodbody. Specifically, the petitioner alleged that Goodbody was ineffective in failing to allege that Moore had provided ineffective assistance in failing to preserve and pursue the petitioner's appellate rights following his sentencing. The second habeas court denied the petition and granted certification to appeal. This appeal followed.

We first set forth the appropriate standard of review. "When reviewing the decision of a habeas court, the

facts found by the habeas court may not be disturbed unless the findings were clearly erroneous. . . . The issue, however, of [w]hether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." (Internal quotation marks omitted.) *Mitchell* v. *Commissioner of Correction*, 109 Conn. App. 758, 762, 953 A.2d 685, cert. denied, 289 Conn. 950, 961 A.2d 417 (2008).

"Our Supreme Court set the standard of review to be afforded an appeal from the dismissal of a habeas corpus petition alleging ineffective assistance of habeas counsel in *Lozada* v. *Warden*, 223 Conn. 834, 613 A.2d 818 (1992). To succeed in his bid for a writ of habeas corpus, the petitioner must prove both (1) that his appointed habeas counsel was ineffective, and (2) that his trial counsel was ineffective." (Internal quotation marks omitted.) *Denby* v. *Commissioner of Correction*, 66 Conn. App. 809, 812, 786 A.2d 442 (2001), cert. denied, 259 Conn. 908, 789 A.2d 994 (2002). "The second habeas petition is inextricably interwoven with the merits of the original judgment by challenging the very fabric of the conviction that led to the confinement." *Lozada* v. *Warden*, supra, 843.

"To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test articulated in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Strickland* requires that a petitioner satisfy both a performance prong and a prejudice prong. To satisfy the performance prong, a claimant must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment [to the United States constitution]. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both prongs are satisfied." (Citations omitted; internal quotation marks omitted.) *Small* v. *Commissioner of Correction*, 286 Conn. 707, 712–13, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz*, 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008).

At the second habeas trial, Goodbody testified that in preparation for the petitioner's first habeas petition, she thoroughly discussed with the petitioner the issue of whether his guilty plea was involuntary. Further, Goodbody stated that her review included the plea and sentencing hearing transcripts and revealed nothing that would form the basis of an appeal. The petitioner testified that in his discussions with Goodbody, he did not mention bringing an ineffective assistance of counsel claim against Moore.

The petitioner testified that following his sentencing hearing, he had a brief discussion with Moore in which she informed him that he could appeal from the court's denial of his motion to withdraw his guilty plea. The petitioner testified that Moore told him to file the appeal himself and that he attempted to do so but never "hear[d] anything back from it." On cross-examination, the petitioner admitted that during his discussion with Moore he never communicated a desire to appeal, nor did he attempt to follow up on the appeal he claimed to have filed. The petitioner further stated that he had no copy or any record of the appellate papers he would have submitted.

Moore testified that prior to the sentencing hearing, she reviewed the transcript of the plea canvass and spoke with Kennedy concerning her representation of the petitioner. Moore further stated that she moved for a continuance to research issues surrounding the

petitioner's stated desire to withdraw his guilty plea. Although she admitted that she did not recall specifically discussing a possible appeal with the petitioner following sentencing, Moore stated that her usual practice was to do so. Moore also testified that she did not apprehend any appealable issues following the sentencing court's denial of her motion for a continuance.

The petitioner argues on appeal that the second habeas court improperly held that both Goodbody and Moore provided him effective assistance of counsel. As to Goodbody, the petitioner maintains that a reasonable attorney in her position would have alleged that Moore was ineffective in failing to preserve his right to appeal from the court's denial of the motion to withdraw the guilty plea. Regarding Moore, the petitioner contends that her failure to preserve his appellate rights constituted ineffective assistance of counsel. The second habeas court concluded that the petitioner failed to demonstrate that Moore's assistance was ineffective, and, therefore, under the rule expressed by the court in *Lozada*, requiring proof of ineffectiveness of both trial and habeas counsel, he could not prevail on his claim of ineffective assistance against Goodbody. We agree with the reasoning of the second habeas court.

In *Ghant* v. *Commissioner of Correction*, 255 Conn. 1, 6–10, 761 A.2d 740 (2000), our Supreme Court adopted the analysis of *Roe* v. *Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000), applying the *Strickland* test for ineffective assistance of counsel to a claim that an attorney failed to apprise a defendant of the right to appeal. In such cases, the performance prong of the *Strickland* test requires the reviewing court to determine whether counsel consulted with the defendant regarding an appeal. *Ghant* v. *Commissioner of Correction*, supra, 8–9. To "consult" in this context means to "[advise] the defendant about the advantages and disadvantages of taking an appeal, and [to make]

a reasonable effort to discover the defendant's wishes." (Internal quotation marks omitted.) Id., 9. "If counsel has consulted with the defendant . . . [c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal. . . . If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance. . . .

"[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." (Internal quotation marks omitted.) Id.

To satisfy the second part of the *Strickland* test, a petitioner must show prejudice resulting from counsel's deficient performance. "[T]o show prejudice [when counsel fails to apprise a defendant of his or her appellate rights], a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed. . . . [W]hether a given defendant has made the requisite showing will turn on the facts of a particular case. . . . [E]vidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." (Citation omitted; internal quotation marks omitted.) Id., 10.

The petitioner has not provided us with a record showing inadequacy in Moore's representation. As to the performance prong of *Strickland* as applied in

*Ghant,* and whether Moore consulted with the petitioner regarding a possible appeal, the petitioner admitted that he discussed such an appeal with Moore but provided few other details of the conversation, which occurred years earlier in August, 1996. Moore could not recollect the substance of the discussion. The petitioner also admitted that he never expressed to Moore a desire to appeal or directed her to file an appeal on his behalf. On the basis of the record before us, therefore, we are unable to conclude that Moore failed to consult with the petitioner concerning a potential appeal.

Furthermore, the petitioner has not demonstrated that he was prejudiced by Moore's alleged failure to consult with him. The petitioner's burden to prove that he was prejudiced by counsel's actions under *Strickland* requires demonstration that he would have timely appealed absent counsel's failure to consult with him. The record contains the testimony of the petitioner to the effect that he not only would have appealed, but did appeal from the sentencing court's denial of his motion to withdraw his guilty plea. However, outside of the petitioner's own word, which the second habeas court did not find credible, there is no evidence to support his claim. The petitioner did not provide the second habeas court with a copy of the appeal papers he claims to have filed. Further, the record contains no additional evidence that such an appeal was ever filed. The petitioner, therefore, has failed to demonstrate that he would have timely appealed.

Because the petitioner has not demonstrated that Moore's representation was inadequate or that he was prejudiced by Moore's representation, his claim of ineffective assistance of counsel fails.

The judgment is affirmed.

In this opinion the other judges concurred.