ROY TROTTER v. COMMISSIONER OF CORRECTION
(AC 32499)

DiPentima, C. J., and Robinson and Bear, Js.

Argued September 27—officially released December 18, 2012

*Michael Zariphes*, special public defender, for the appellant (petitioner).

*Toni M. Smith-Rosario*, senior assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *Jo Anne Sulik*, senior assistant state's attorney, for the appellee (respondent).

BEAR, J. The petitioner, Roy Trotter, appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion in denying his petition for certification to appeal and improperly rejected his claim of ineffective assistance of his trial counsel. We dismiss the appeal.

The following facts and procedural history are relevant to our resolution of this appeal. On March 14, 2000, the petitioner was convicted, following a jury trial, of attempt to commit murder in violation of General Statutes §§ 53a-49 and 53a-54a (a), assault in the first degree in violation of General Statutes § 53a-59 (a) (5) and carrying a pistol without a permit in violation of General Statutes (Rev. to 1997) § 29-35 (a). Pursuant to a stipulation by the petitioner and the state, the trial court also found the petitioner guilty of violating General Statutes § 53-202k, a sentence enhancement statute. On April 27, 2000, the petitioner was sentenced to a total effective term of thirty years imprisonment. On April 9, 2002, the petitioner's conviction was upheld on appeal. *State* v. *Trotter*, 69 Conn. App. 1, 793 A.2d 1172, cert. denied, 260 Conn. 932, 799 A.2d 297 (2002). On August 31, 2005, the petitioner filed an amended petition for a writ of habeas corpus in which he alleged ineffective assistance of his trial counsel and his appellate counsel. A habeas trial was held on September 23, 2005. On September 29, 2005, the habeas court declared a mistrial because it was not aware that exhibits had been filed and did not consider those exhibits when rendering its decision.

On May 18, 2006, the petitioner filed a pro se petition for a writ of habeas corpus under docket number CV-06-4001101-S. On August 3, 2006, the petitioner filed a second pro se petition for a writ of habeas corpus under docket number CV-06-4001228-S. On May 5, 2009, the

court granted the petitioner's motion to consolidate these two habeas files, designating docket number CV-06-4001228-S as the controlling file.

On May 15, 2009, the petitioner filed the operative amended petition for a writ of habeas corpus alleging ineffective assistance of his trial counsel.[1] A habeas trial was held on October 30, 2009, and July 16, 2010. The trial concluded with the habeas court rendering an oral decision in which it denied the petition. Subsequently, the petitioner filed a petition for certification to appeal, which the court denied. This appeal followed.

On appeal, the petitioner claims that the court abused its discretion in denying his petition for certification to appeal and that the court erred in rejecting his claim that his trial counsel rendered ineffective assistance by failing to provide correct, adequate and meaningful advice regarding the state's plea offer.[2] Specifically, the

---

[1] The petitioner also had alleged ineffective assistance of his appellate counsel at his habeas trial. The habeas court noted that the petitioner did not proceed on that claim and, therefore, considered it abandoned. The petitioner does not challenge the habeas court's decision on that claim on appeal.

[2] On appeal, the petitioner sets forth two distinct claims of ineffective assistance of his trial counsel. One of those claims is that his trial counsel rendered ineffective assistance by erroneously advising him that his maximum exposure for the crimes of attempt to commit murder and assault in the first degree was twenty years incarceration, rather than the possibility of two consecutive terms of twenty years incarceration, because for sentencing purposes the offenses would be merged. The state asserts that this claim is unpreserved and unreviewable because it was not raised in the petitioner's amended habeas petition, was never argued to the habeas court and the habeas court did not address the claim in its decision. The petitioner argues that the habeas court committed plain error by failing to conclude that his trial counsel had rendered deficient performance because it is clear that his trial counsel's advice that the prohibition against double jeopardy prohibited sentencing on both charges was erroneous. At oral argument before this court, the petitioner conceded that he did not argue this double jeopardy claim before the habeas court, but he argued, nonetheless, that it was raised in his petition. The petitioner requests that this court review the claim under the plain error doctrine because a manifest injustice has been done.

Even if we were to read the petitioner's amended petition broadly to encompass this claim, it remains evident that the habeas court made no

petitioner claims that the court erred in concluding that the petitioner did not sustain his burden of demonstrating that his trial counsel rendered deficient performance by failing to advise the petitioner that if he rejected the state's plea offer, the state would amend the information to increase his maximum sentence exposure by adding a charge and applying a sentence enhancement. In support of this ineffective assistance of counsel claim, the petitioner argues that he suffered prejudice from his trial counsel's deficient performance because, but for his trial counsel's inadequate advice regarding his maximum sentence exposure, he would have accepted the state's plea offer. We are not persuaded.

"The standard of review for a habeas court's denial of a petition for certification to appeal requires the

findings regarding this claim nor did it address this claim when rendering its decision. Furthermore, the petitioner conceded that he did not argue the merits of this claim before the habeas court, and there is nothing in the record that demonstrates that the petitioner alerted the habeas court that he believed that the court had misconstrued or failed to address one of the grounds in his habeas petition. We conclude, therefore, that the claim was abandoned in the habeas court. See *Brown* v. *Commissioner of Correction*, 104 Conn. App. 144, 150 n.7, 931 A.2d 963 ("Even if the amended petition could be read as raising this claim, in fact it was neither raised nor addressed in any way at the hearing. Accordingly, it was abandoned."), cert. denied, 284 Conn. 937, 937 A.2d 693 (2007); see also *Henderson* v. *Commissioner of Correction*, 129 Conn. App. 188, 198, 19 A.3d 705 ("A reviewing court will not consider claims not raised in the habeas petition or decided by the habeas court. . . . Appellate review of claims not raised before the habeas court would amount to an ambuscade of the [habeas] judge." [Citations omitted; internal quotation marks omitted.]), cert. denied, 303 Conn. 901, 31 A.3d 1177 (2011).

Additionally, although the petitioner requests that we review this claim pursuant to the plain error doctrine, we decline his invitation because the present circumstances do not warrant such extraordinary measures. See *Crawford* v. *Commissioner of Correction*, 294 Conn. 165, 204–205, 982 A.2d 620 (2009) ("the plain error doctrine is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings" [internal quotation marks omitted]).

petitioner to prove that the denial of the petition for certification was an abuse of discretion and also that the decision of the habeas court should be reversed on the merits. . . . To prove an abuse of discretion, the petitioner must demonstrate that the resolution of the underlying claim involves issues [that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Citation omitted; internal quotation marks omitted.) *Norton* v. *Commissioner of Correction*, 132 Conn. App. 850, 853–54, 33 A.3d 819, cert. denied, 303 Conn. 936, 36 A.3d 695 (2012).

"A habeas petitioner can prevail on a constitutional claim of ineffective assistance of counsel [only if he can] establish both (1) deficient performance, and (2) actual prejudice. . . . For ineffectiveness claims resulting from guilty verdicts, we apply the two-pronged standard set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) . . . . To satisfy the performance prong, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. . . . A reviewing court must view counsel's conduct with a strong presumption that it falls within the wide range of reasonable professional assistance. . . . To satisfy the prejudice prong for ineffective assistance claims resulting from guilty verdicts, the petitioner must demonstrate that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Citations omitted; internal quotation marks omitted.) *Greene* v.

*Commissioner of Correction*, 123 Conn. App. 121, 127–28, 2 A.3d 29, cert. denied, 298 Conn. 929, 5 A.3d 489 (2010), cert. denied sub. nom. *Greene* v. *Arnone*, 563 U.S. 1009, 131 S. Ct. 2925, 179 L. Ed. 2d 1248 (2011). With these principles in mind, we now address the petitioner's claim of ineffective assistance of counsel to determine whether the habeas court abused its discretion in denying the petition for certification to appeal.

In support of his claim that the court erred in concluding that he failed to sustain his burden of demonstrating that his trial counsel rendered deficient performance, the petitioner argues that his trial counsel failed to inform him that if he rejected the state's plea offer, the state would amend the information to increase his maximum sentence exposure by adding a charge for carrying a pistol without a permit and by applying a sentence enhancement to the attempt to commit murder charge. In October, 2009, at the second habeas trial, the petitioner testified that his trial counsel informed him that his maximum sentence exposure totaled twenty years imprisonment and that his trial counsel failed to inform him that he faced the possibility of additional incarceration if the prosecutor added the charge of carrying a pistol without a permit and added a sentence enhancement on the attempt to commit murder charge pursuant to § 53-202k.

The petitioner also presented the testimony of attorney Gary A. Mastronardi, who was recognized by the court as an expert in criminal defense law and who had practiced criminal defense law in the judicial district of Fairfield for twenty-seven years. Mastronardi testified that, on the basis of the underlying factual scenario, the defendant faced twenty years for attempt to commit murder and assault in the first degree, but the additional charge of carrying a pistol without a permit and the

sentence enhancement increased his maximum sentence exposure to thirty years.[3] Mastronardi testified that the petitioner's trial counsel should have been aware of and should have advised the petitioner of the additional sentence exposure due to the use of a firearm during the commission of the charged offenses. Mastronardi also testified that his opinion was based on the petitioner's testimony at the September, 2005 habeas trial and that his opinion would have to change if the petitioner's testimony were not true.

The habeas court found the petitioner's testimony, including his testimony that his trial counsel had not informed him about the additional sentencing exposure, not credible. This finding left the petitioner without any record evidence to support his claim that his trial counsel provided inadequate advice regarding his maximum exposure at sentencing. As a reviewing court, we cannot second-guess the court's credibility determination. See *State* v. *White*, 127 Conn. App. 846, 851, 17 A.3d 72, cert. denied, 302 Conn. 911, 27 A.3d 371 (2011). Lacking any credible evidence to demonstrate that the petitioner's trial counsel failed to advise the petitioner regarding the additional sentence exposure, the court found that "it is far more likely that in counseling [the petitioner] in regard to the plea bargain, [the petitioner's trial counsel] would have discussed this matter with [the petitioner]." Accordingly, the court concluded that the petitioner failed to satisfy his burden of showing that "there was deficient performance on the part of [the petitioner's trial counsel]." Our own review of the record does not persuade us otherwise. Furthermore, our determination that the habeas court did not err in concluding that petitioner failed to sustain his burden of demonstrating that his trial counsel rendered deficient performance is dispositive of the petitioner's ineffective

---

[3] Because it is not relevant to the outcome of this appeal, we make no assessment as to the accuracy of this testimony.

assistance of counsel claim in its entirety. For that reason, we do not reach the petitioner's prejudice argument addressing the second prong of the ineffective assistance of counsel standard. See *Norton* v. *Commissioner of Correction*, supra, 132 Conn. App. 855 ("[a] reviewing court can find against a petitioner on either ground, whichever is easier" [internal quotation marks omitted]).

After a thorough review of the record, we conclude that the court properly concluded that the petitioner failed to sustain his burden of demonstrating that his trial counsel rendered ineffective assistance. The petitioner failed to establish that the issues he raised are debatable among jurists of reason, that a court could resolve them in a different manner or that the questions he raised are adequate to deserve encouragement to proceed further. See id., 853–54. Accordingly, we conclude that the court did not abuse its discretion in denying the petition for certification to appeal from the judgment denying his amended petition for a writ of habeas corpus.

The appeal is dismissed.

In this opinion the other judges concurred.