SCOTT CRAWLEY *v.* COMMISSIONER
OF CORRECTION
(AC 33197)

Gruendel, Alvord and Bear, Js.

Argued January 17—officially released April 2, 2013

*David B. Rozwaski*, special public defender, for the appellant (petitioner).

*Laurie N. Feldman*, special deputy assistant state's attorney, with whom, on the brief, were *Brian Preleski* and *Gail P. Hardy*, state's attorneys, and *Brenda Hans*, deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

BEAR, J. The petitioner, Scott Crawley, appeals from the judgments of the habeas court denying his petitions for certification to appeal from the judgments denying his petitions for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion in denying certification to appeal because the court incorrectly concluded that he failed to demonstrate that he was prejudiced by his trial counsel's alleged deficient performance. We dismiss the appeal.

The following facts are relevant to our resolution of the petitioner's appeal. In docket number CR-02-

0204495 (New Britain case), the petitioner was convicted of two counts of possession of narcotics with intent to sell by a person who is not drug-dependant in violation of General Statutes § 21a-278 (b). The court imposed a total effective sentence of thirty years incarceration. His conviction was upheld by this court on appeal. *State* v. *Crawley*, 93 Conn. App. 548, 889 A.2d 930, cert. denied, 277 Conn. 925, 895 A.2d 799 (2006). In docket numbers CR-02-0185248, MV-02-346006, CR-02-0183551 and MV-02-0383935, which were consolidated for trial (Manchester cases), the petitioner was convicted of possession of narcotics in violation of General Statutes § 21a-279 (a), possession of narcotics with intent to sell by a person who is not drug-dependant in violation of § 21a-278 (b), possession of marijuana in violation of General Statutes § 21a-279 (c), possession of drug paraphernalia in violation of General Statutes § 21a-267 (a), two counts of operating a motor vehicle while his license was under suspension in violation of General Statutes § 14-215 (a), and two counts of interfering with an officer in violation of General Statutes § 53a-167 (a) (Manchester offenses). The petitioner also was convicted, on a part B information, of having committed the Manchester offenses while on release in violation of General Statutes § 53a-40b. The petitioner was sentenced to a total effective term of twenty-seven years incarceration, to run consecutively to the thirty year term of incarceration in the New Britain case.[1] The petitioner did not file a timely direct appeal in the Manchester cases.

The petitioner filed an amended petition for a writ of habeas corpus regarding the Manchester cases on

---

[1] Trial counsel testified during the habeas trial that the state had offered the petitioner a plea bargain with "seven and one-half or eight years for both cases consolidated" and that he had "pleaded with [the petitioner] to take [the offer] . . . ." The petitioner, however, declined to accept the state's offer.

July 29, 2009, and a second amended petition for a writ of habeas corpus regarding the New Britain case on October 21, 2009, claiming ineffective assistance of trial counsel. Both petitions were consolidated for trial. In the petition regarding the Manchester cases, the petitioner alleged that attorney Donald Freeman, his trial counsel, had provided ineffective assistance by failing to present evidence that the petitioner was drug-dependant and by failing to preserve the petitioner's appellate rights. In the petition regarding the New Britain case, the petitioner alleged that Freeman had provided ineffective assistance by failing to present evidence that the petitioner was drug-dependant and by failing to preserve the petitioner's right to sentence review.

Following a habeas trial, the court, with the agreement of the state, restored the petitioner's right to seek sentence review in the New Britain case, and it restored the petitioner's appellate rights with respect to the Manchester cases.[2] Regarding the petitioner's claim in both habeas petitions that his trial counsel had provided ineffective assistance by failing to present evidence that the petitioner was drug-dependant, the court concluded that, even if it were to assume that counsel had rendered deficient performance, the petitioner had failed to demonstrate prejudice because there was no evidence from which to determine that the sentences would have been less than actually imposed had the defense of drug dependency been raised. Accordingly, the court denied the petitions for a writ of habeas corpus. The court also denied the

[2] Following oral argument in this case, the petitioner's appellate counsel informed this court that the sentence review division, on February 15, 2013, had modified the petitioner's sentence in the New Britain case and that his total effective term in both the New Britain case and the Manchester cases was now thirty-two years. We also note that on September 11, 2012, this court affirmed the petitioner's convictions in his direct appeal of the Manchester cases. See *State* v. *Crawley*, 138 Conn. App. 124, 50 A.3d 349 (2012).

petitioner's requests for certification to appeal from those judgments. This appeal followed.

"The standard of review for a habeas court's denial of a petition for certification to appeal requires the petitioner to prove that the denial of the petition for certification was an abuse of discretion and also that the decision of the habeas court should be reversed on the merits. . . . To prove an abuse of discretion, the petitioner must demonstrate that the resolution of the underlying claim involves issues [that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Norton* v. *Commissioner of Correction*, 132 Conn. App. 850, 853–54, 33 A.3d 819, cert. denied, 303 Conn. 936, 36 A.3d 695 (2012).

"A habeas petitioner can prevail on a constitutional claim of ineffective assistance of counsel [only if he can] establish both (1) deficient performance, and (2) actual prejudice. . . . For ineffectiveness claims resulting from guilty verdicts, we apply the two-pronged standard set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) . . . . To satisfy the performance prong, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. . . . A reviewing court must view counsel's conduct with a strong presumption that it falls within the wide range of reasonable professional assistance. . . . To satisfy the prejudice prong for ineffective assistance claims

resulting from guilty verdicts, the petitioner must demonstrate that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . *Greene* v. *Commissioner of Correction*, 123 Conn. App. 121, 127–28, 2 A.3d 29, cert. denied, 298 Conn. 929, 5 A.3d 489 (2010), cert. denied sub nom. *Greene* v. *Arnone*, 563 U.S. 1009, 131 S. Ct. 2925, 179 L. Ed. 2d 1248 (2011)." (Internal quotation marks omitted.) *Trotter* v. *Commissioner of Correction*, 139 Conn. App. 653, 658–59, 56 A.3d 975 (2012), cert. denied, 308 Conn. 901, 59 A.3d 403 (2013). "[B]ecause a successful petitioner must satisfy both prongs . . . failure to satisfy either . . . is fatal to a habeas petition." (Internal quotation marks omitted.) *Saucier* v. *Commissioner of Correction*, 139 Conn. App. 644, 650, 57 A.3d 399 (2012). With these principles in mind, we now address the petitioner's claim of ineffective assistance of counsel to determine whether the habeas court abused its discretion in denying his petitions for certification to appeal.

The petitioner claims that the court abused its discretion in denying certification to appeal because the court's conclusion that he failed to demonstrate prejudice in support of his claim of ineffective assistance of trial counsel was debatable among jurists of reason and deserved encouragement to proceed. He argues that trial counsel should have presented the defense of drug dependency in both the New Britain case and in the Manchester cases, and that his failure to do so amounted to deficient performance, which prejudiced the petitioner because he would have been convicted on the lesser charge of sale of narcotics by a drug-dependant person, pursuant to General Statutes § 21a-277 (a), rather than as a seller who was not drug-dependant, pursuant to § 21a-278 (b), and he would

have received a lesser sentence.[3] Specifically, the petitioner argues that convictions under § 21a-277 (a) "would have offered a lesser sentence than the more serious charge." The state argues that the court properly denied the petitioner's request for certification to appeal, in relevant part, because the petitioner cannot demonstrate prejudice because even if he "could have won on [the defense of drug dependency], with his prior record [he] would have been exposed under . . . § 21a-277 (a) to sixty years' incarceration instead of the fifty he was exposed to and the thirty he received in the New Britain case, and thirty-seven years instead of the twenty-seven he received in the Manchester case[s]." We agree with the state.

Because the petitioner was a repeat offender, pursuant to § 21a-278 (b), he faced a maximum sentence of twenty-five years incarceration on each of the charges brought under that section, for a total possible sentence of seventy-five years incarceration on the three charges of possession with intent to sell.[4] Had the petitioner

---

[3] We note that in the Manchester cases, the state, in part, originally had charged the petitioner, as a drug-dependant person, with a violation of § 21a-277 (a). Trial counsel, however, requested that the state amend the charging document to eliminate the charge under § 21a-277 because the petitioner claimed that the drugs were not his and counsel was concerned that charging the petitioner as a drug-dependant person would confuse the jury in light of the petitioner's defense. Counsel, however, did ask the court to consider the petitioner's drug dependency during the sentencing hearing.

During his habeas trial, the petitioner agreed that "it would have been probably not prudent for [counsel] to argue on the one hand these aren't even my client's drugs, and on the other hand, he's drug-dependant, [that] he's probably selling to support his habit . . . ."

[4] General Statutes § 21a-278 (b) provides in relevant part: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance, hallucinogenic substance other than marijuana, amphetamine-type substance, or one kilogram or more of a cannabis-type substance, except as authorized in this chapter, and who is not, at the time of such action, a drug-dependent person, for a first offense shall be imprisoned not less than five years or more than twenty years; and for each subsequent

raised the defense of drug dependency in each of his cases and had he been convicted under § 21a-277 (a), however, he would have faced a maximum possible sentence of thirty years incarceration on each count thereunder, for a total possible sentence of ninety years incarceration on those charges, plus a maximum of ten years incarceration on the part B information, as well as each sentence for the additional offenses.[5] We agree with the state's contention that "[w]here the claimed difference in the result of the proceedings is a difference in sentence, a petitioner must show a reasonable probability that but for counsel's error, the sentence would have been lighter than the sentence actually imposed. *Lafler* v. *Cooper*, U.S. , 132 S. Ct. 1376, 1385, [182 L. Ed. 2d 398] (2012); *Missouri* v. *Frye*, [ U.S. ] 132 S. Ct. 1399, 1410, [182 L. Ed. 2d 615] (2012); *Glover* v. *United States*, 531 U.S. 198, 200, 121 S. Ct. 696, 698, [148 L. Ed. 2d 604] (2001)."

In the present case, after noting the petitioner's eleven prior drug convictions, his past fines, his terms of incarceration, the fact that he had violated every probationary period on which he had been placed, and the fact that he never had held lawful employment, but had "been a drug dealer his entire adult life," the

offense shall be imprisoned not less than ten years or more than twenty-five years. . . ."

[5] General Statutes § 21a-277 (a) provides: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance other than marijuana, or a narcotic substance, except as authorized in this chapter, for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than fifty thousand dollars or be both fined and imprisoned; and for a second offense shall be imprisoned not more than thirty years and may be fined not more than one hundred thousand dollars, or be both fined and imprisoned; and for each subsequent offense, shall be imprisoned not more than thirty years and may be fined not more than two hundred fifty thousand dollars, or be both fined and imprisoned."

sentencing judge in the New Britain case stated that "[i]ncarceration hasn't done the trick. Fines haven't done the trick. And probation hasn't done the trick. . . . The court does not believe that [the petitioner] is a person that should be in society, and the only thing that the court can do at this point, after all of those convictions is to incapacitate [the petitioner] for a long time."

During sentencing in the Manchester cases, the sentencing judge considered the petitioner's long history of drug sales, his "extremely lengthy prior criminal history," his failure to complete a period of probation successfully, the commission of the Manchester offenses while the petitioner was on release, the quantity of narcotics involved in the Manchester cases, the petitioner's "obvious lack of remorse for his behavior," and the petitioner's "total disregard for the rule of law" before imposing sentence.

In each of these cases, there is no indication that the sentencing judges would have given the petitioner lesser sentences had the defense of drug dependency been claimed. As stated previously in this opinion, had the defense been put forth, the petitioner's maximum possible sentence in both the New Britain case and the Manchester cases would have increased by fifteen years, rather than decreased, as to the charges of possession with intent to sell. Accordingly, we conclude that the habeas court properly determined that, even if it assumed that counsel had rendered deficient performance, the petitioner failed to sustain his burden of demonstrating that he was prejudiced by any assumed deficiency.

After a thorough review of the record, we conclude that the habeas court properly concluded that the petitioner failed to sustain his burden of demonstrating that he was prejudiced by trial counsel's alleged deficiency.

The petitioner failed to establish that the issues he raised are debatable among jurists of reason, that a court could resolve them in a different manner or that the questions he raised are adequate to deserve encouragement to proceed further. Accordingly, we conclude that the court did not abuse its discretion in denying the petitions for certification to appeal from the judgments denying his amended petitions for a writ of habeas corpus.

The appeal is dismissed.

In this opinion the other judges concurred.