******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CLARENCE PATTERSON *v.* COMMISSIONER
OF CORRECTION
(AC 33515)

Gruendel, Bear and West, Js.*

*Argued February 10—officially released May 6, 2014*

(Appeal from Superior Court, judicial district of
Tolland, Mullarkey, J.)

*Kenneth Paul Fox*, assigned counsel, for the appellant (petitioner).

*Denise B. Smoker*, senior assistant state's attorney,
with whom, on the brief, were *David S. Shepack*, state's
attorney, and *Marcia A. Pillsbury*, deputy assistant
state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Clarence Patterson, appeals following the partial denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. In this appeal, the petitioner claims that the habeas court (1) abused its discretion in denying in part his petition for certification to appeal, and (2) improperly determined that his trial counsel did not render ineffective assistance. We dismiss the appeal.

The following facts are relevant to our disposition of this case. The underlying criminal charges arose from a residential burglary that occurred on November 2, 2004. The petitioner was charged with burglary in the third degree in violation of General Statutes § 53a-103, larceny in the fourth degree in violation of General Statutes § 53a-125, and criminal mischief in the third degree in violation of General Statutes § 53a-117.

On the afternoon of March 31, 2008, the petitioner accepted a plea agreement of three years incarceration to run consecutively to his "*present* sentence" in exchange for guilty pleas on all of the charges. (Emphasis added.) The court, *B. Kaplan, J.*, thoroughly canvassed the petitioner and determined that his plea was "knowingly and voluntarily made with the assistance of competent counsel. Thereafter, it sentenced the petitioner, as agreed, to a total effective sentence of three years to run consecutive to his *present* sentence." (Emphasis added.)

At the time that the petitioner entered into the plea agreement, he was serving a five year sentence stemming from guilty pleas entered on March 30, 2006, in Stamford (Stamford sentence). Additionally, he was serving a three year sentence stemming from guilty pleas entered on February 22, 2006, in Norwalk (Norwalk sentence). The sentences were running concurrently.

The judgment mittimus provided that the petitioner's sentence was to run consecutively to his "present sentence," but it did not specifically refer to either his Norwalk or Stamford sentence. Consistent with its practice, the Department of Correction interpreted the judgment mittimus as referring to the petitioner's controlling sentence—that is, the longer sentence that he was serving. Accordingly, the petitioner's sentence pursuant to the subject plea agreement was three years incarceration to run consecutively to his five year Stamford sentence.

On August 13, 2010, the petitioner filed an amended petition for a writ of habeas corpus, alleging, in pertinent part, ineffective assistance of his trial counsel, Tina Sypek D'Amato. The petitioner alleged that D'Amato failed to clarify whether the plea agreement was consecutive to his Norwalk or Stamford sentence.

Consequently, he alleged "that in agreeing to accept a sentence of three years consecutive to his 'present sentence,' he agreed to accept a three year sentence that would run consecutive to the three year [Norwalk sentence] . . . as opposed to running consecutive to the five year [Stamford] sentence . . . ." Because he believed that he would be incarcerated for a total of six years, rather than a total of eight years, he alleged that D'Amato rendered deficient performance by failing to ensure that his guilty pleas were knowing, intelligent, and voluntary. He contends that absent D'Amato's deficient performance, he would have rejected the plea agreement and proceeded to trial.

Following a two day trial, the habeas court, *Mullarkey, J.*, issued a memorandum of decision denying the petitioner's amended petition for a writ of habeas corpus. It determined that D'Amato did not render ineffective assistance because her performance was not deficient and the petitioner failed to demonstrate prejudice. With respect to D'Amato's performance, the habeas court found that she never told the petitioner that his sentence pursuant to the plea agreement would run consecutively to his three year Norwalk sentence. The court additionally determined that the petitioner knew that he was serving both the Norwalk and Stamford sentences, but that despite this knowledge, he failed to request clarification as to what constituted his "present sentence" prior to accepting the plea agreement. The court ultimately determined that in light of his criminal history, the petitioner was highly familiar with the sentencing process and, therefore, his testimony that he misunderstood the terms of the plea agreement was not credible.[1] The petitioner filed a petition for certification to appeal, which the habeas court partially denied on May 17, 2011.[2] This appeal followed.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. Abuse of discretion is the proper standard because that is the standard to which we have held other litigants whose rights to appeal the legislature has conditioned upon the obtaining of the trial court's permission. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . If this burden is not satisfied, then the claim that the judgment of the habeas court should be reversed does not qualify for consideration by this court." (Citation omitted; internal quotation marks omitted.) *Spyke* v. *Commissioner of Correction*, 145

Conn. App. 419, 423, 75 A.3d 738, cert. denied, 310 Conn. 932, 78 A.3d 858 (2013).

"[T]he governing legal principles in cases involving claims of ineffective assistance of counsel arising in connection with guilty pleas are set forth in *Strickland* [v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)] and *Hill* [v. *Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)]. [According to] *Strickland*, [an ineffective assistance of counsel] claim must be supported by evidence establishing that (1) counsel's representation fell below an objective standard of reasonableness, *and* (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance. . . . The first prong requires a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . Under . . . *Hill* . . . which . . . modified the prejudice prong of the *Strickland* test for claims of ineffective assistance when the conviction resulted from a guilty plea, the evidence must demonstrate that there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." (Emphasis in original; internal quotation marks omitted.) *Kennedy* v. *Commissioner of Correction*, 144 Conn. App. 68, 72–73, 72 A.3d 1133, cert. denied, 310 Conn. 944, 80 A.3d 908 (2013).

After conducting a careful review of the record, we agree with the habeas court's determination that the petitioner failed to demonstrate that D'Amato's performance fell below an objective standard of reasonableness. "[T]he reasonable expectations of the petitioner, when entering into a plea, are of great import because of the significance of the constitutional rights that are forfeited when choosing to plead guilty. . . . The ultimate goal, however, in construing any plea agreement when there is a dispute as to its terms is the real intent of the parties . . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *Dixson*, 93 Conn. App. 171, 180, 888 A.2d 1088, cert. denied, 277 Conn. 917, 895 A.2d 790 (2006). In this case, the habeas court found that there was "no credible evidence . . . that the plea agreement accepted by the petitioner on March 31, 2008, contemplated that the three year sentence would run consecutive to the three year [Norwalk] sentence . . . as the petitioner contends." The court credited D'Amato's testimony that she did not tell the petitioner that his sentence would run consecutively to either the three year Norwalk sentence or the five year Stamford sentence. See *Kennedy* v. *Commissioner of Correction*, supra, 144 Conn. App. 73 ("[t]he habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given their testimony" [internal quotation marks omitted]).

Moreover, there is no dispute that the petitioner was aware that he was then serving *both* the three year Norwalk sentence and the five year Stamford sentence. Despite this knowledge, he did not ask D'Amato to clarify the "present sentence" mentioned in the plea agreement, nor did he ask Judge Kaplan to provide such clarification. In fact, when the court canvassed the petitioner prior to accepting his pleas, it stated, "[a]nd the understanding is that . . . [your] sentence . . . will be three years consecutive in addition to your present sentence . . . ?" The petitioner stated that he understood, never indicating any uncertainty as to what constituted his "present" sentence.[3]

Finally, the habeas court relied on the finding of the trial court, *B. Kaplan, J.*, in its denial of the petitioner's motion to correct an illegal sentence. The habeas court stated that, "[a]s noted by [Judge Kaplan] . . . an inmate's present sentence in its common and ordinary language would be the maximum sentence [he or she is] serving . . . ." (Internal quotation marks omitted.) The habeas court determined that given the petitioner's familiarity with the criminal justice system—he had twenty-seven prior convictions largely for burglary in the third degree and larceny in the third degree—his contention that he did not know that the plea agreement referred to his five year Stamford sentence was not credible.[4] The habeas court concluded, therefore, that "[the petitioner] got exactly what [he] bargained for . . . ." (Internal quotation marks omitted.)

On the basis of the foregoing analysis, we agree with the habeas court's determination that there was no credible evidence supporting the petitioner's purported belief that his sentence pursuant to the plea agreement would run consecutively to his three year Norwalk sentence. Accordingly, we conclude that D'Amato did not render deficient performance. In light of this determination, we need not reach the prejudice prong of *Strickland* and *Hill*. We thus conclude that the habeas court did not abuse its discretion in denying in part the petition for certification to appeal.

The appeal is dismissed.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] The habeas court further determined that, even if D'Amato rendered deficient performance, the petitioner failed to demonstrate prejudice. It found that had the petitioner understood the terms of the plea agreement, there was no reasonable probability that he would have proceeded to trial because he would have faced a much lengthier sentence due to his status as a persistent felony offender.

[2] The habeas court denied the petition for certification to appeal with respect to seven of the eight claims presented, but granted the petition as to the claim that "the habeas corpus court erred in rejecting the argument that the petitioner's sentence was unlawful because the sentencing court failed to abide by [General Statutes] § 53a-37, where the plain language of that statute requires the sentencing court to state in conclusion the effective sentence imposed." (Internal quotation marks omitted.) This claim is not the subject of this appeal.

[3] The petitioner contends that Judge Kaplan distinguished between the

five year Stamford sentence and the three year Norwalk sentence by referring to the former as his "current sentence," and to the latter as his "present sentence." For this reason, the petitioner argues, he rejected a plea offer on the morning of March 31, 2008, of three years to run consecutively to his "current" sentence, but later that afternoon, accepted a plea agreement of three years to run consecutively to his "present" sentence. The petitioner's contention that there is any discernable difference between the court's use of the terms "current sentence" and "present sentence" is untenable. The court did not indicate any distinction between the terms, nor can such a distinction reasonably be drawn.

Moreover, the habeas court found that the petitioner's testimony with respect to this purported distinction in terms was contradicted by his later testimony that the court and the prosecution may not have been aware of his five year Stamford sentence at all, in which case the court could not have intended the words "current sentence" to refer to that sentence. The petitioner argued that the distinction in terms was the only logical explanation for his rejection of the plea offer on the morning of March 31, 2008, but his acceptance of a virtually identical offer just hours later. The habeas court, however, generated another logical explanation—namely, that after the petitioner rejected the morning plea offer, the trial court reminded him that he would be charged as a felony offender, which would increase his total sentence exposure from six and one-half years to eleven and one-half years.

[4] The petitioner's knowledge of the sentencing process is exemplified by D'Amato's testimony before the habeas court that the petitioner "actually taught [her] a little bit about parole and guidelines," insofar as he personally calculated his parole eligibility on the basis of various plea offers made by the prosecution.

———————————————————