******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MARK ANDREWS *v.* COMMISSIONER OF
CORRECTION
(AC 35407)

Gruendel, Alvord and West, Js.

*Argued October 15, 2014—officially released February 24, 2015*

(Appeal from Superior Court, judicial district of
Tolland, Cobb, J.)

*Mary Boehlert,* assigned counsel, for the appellant
(petitioner).

*Jonathan M. Sousa,* special deputy assistant state's
attorney, with whom, on the brief, were *Michael Dear-
ington,* state's attorney, and *Adrienne Maciulewski,*
deputy assistant state's attorney, for the appellee
(respondent).

*Opinion*

PER CURIAM. The petitioner, Mark Andrews, appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his second revised amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court abused its discretion in denying his petition for certification and improperly determined that his trial counsel provided effective assistance. We conclude that the court properly denied the petition for certification and, accordingly, we dismiss the appeal.

The following facts and procedural history are relevant to our resolution of the petitioner's appeal. The petitioner was convicted, following a jury trial, of assault of a peace officer in violation of General Statutes § 53a-167c (a) (1), attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-59 (a) (1), and attempt to commit assault of a peace officer in violation of §§ 53a-49 (a) (2) and 53a-167c (a) (1). The petitioner was also convicted, following a court trial, of possession of a sawed-off shotgun in violation of General Statutes § 53a-211 (a). The court sentenced the petitioner to a total effective term of forty years imprisonment. The judgment of conviction was affirmed on appeal.[1] *State* v. *Andrews*, 114 Conn. App. 738, 740, 971 A.2d 63, cert. denied, 293 Conn. 901, 975 A.2d 1277 (2009).

On July 17, 2012, the petitioner, through his habeas counsel, filed a second revised amended petition for habeas corpus. His primary claim was that his trial counsel provided ineffective assistance by failing to recommend that he accept the plea offered by the trial court, *Damiani*, *J.*, of twenty years imprisonment suspended after twelve years.[2] The habeas trial was held on July 16 and 17, 2012, and in a memorandum of decision filed on January 2, 2013, the habeas court denied the petition. The habeas court found: "Several months after the case was initiated, the parties had a supervised pretrial with Judge Damiani. Judge Damiani offered the petitioner twenty years suspended after twelve years followed by a period of probation to resolve the case prior to trial. [Trial counsel] conveyed the judge's offer to the petitioner, who rejected it and asked [trial counsel] to make a counteroffer of nine years. [Trial counsel] relayed the petitioner's counteroffer to Judge Damiani, who rejected it, remaining firm in his offer of twenty years suspended after twelve years of incarceration.

"In conveying the judge's offer, [trial counsel] did not make a recommendation that the petitioner accept the offer, but left the ultimate decision, whether to accept or reject the offer and proceed to trial, to the petitioner. [Trial counsel] explained to the petitioner the strengths and weaknesses of the state's case, including his view that the state had a strong case against the petitioner,

the charges, his maximum exposure if he lost at trial and explained that he would likely receive a significantly higher sentence than twelve years if he was convicted after a trial. [Trial counsel] also explained that the case would be difficult to win because most of the witnesses were police officers and one of those police officers had sustained a permanent serious injury.

"Despite [trial counsel's] advice that the petitioner was unlikely to win and would likely get more than twelve years if he lost at trial, the petitioner rejected the judge's offer. According to [trial counsel], the petitioner was 'absolutely adamant, unpersuadable' that he was 'not taking double digits' for something he 'did not do.' "

The habeas court concluded that the petitioner failed to show trial counsel's advice was deficient: "[T]rial counsel properly conveyed to the petitioner the court's plea offer and advised the petitioner regarding that offer by explaining to him, among other things, that the state had a strong and sympathetic case and that it would be difficult for the petitioner to win at a trial. [Trial counsel] also informed him that he would likely receive a significantly greater sentence if he was convicted after a jury trial. The petitioner rejected the plea, not because counsel did not recommend it, but because he was adamant that he would not accept a 'double digit plea.' " Further, the court found that "[i]t is for the same reason [that] the petitioner has not proven prejudice as to this claim—that is, even if counsel had recommended the plea offer, the petitioner would not have accepted it because it was too high."

On January 7, 2013, the petitioner filed a petition for certification to appeal the denial of his second revised amended petition, which the habeas court denied on January 9, 2013. This appeal followed.

We begin by setting forth the relevant standard of review and legal principles that inform our analysis. "The standard of review for a habeas court's denial of a petition for certification to appeal requires the petitioner to prove that the denial of the petition for certification was an abuse of discretion and also that the decision of the habeas court should be reversed on the merits. . . . To prove an abuse of discretion, the petitioner must demonstrate that the resolution of the underlying claim involves issues [that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Kennedy* v. *Commissioner of Correction*, 144 Conn. App. 68, 71–72, 72 A.3d 1133, cert.

denied, 310 Conn. 944, 80 A.3d 908 (2013).

"A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. . . . A claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. To satisfy the performance prong . . . the petitioner must demonstrate that his attorney's representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both prongs are satisfied." (Citations omitted; internal quotation marks omitted.) *Vazquez* v. *Commissioner of Correction*, 123 Conn. App. 424, 435–36, 1 A.3d 1242 (2010), cert. denied, 302 Conn. 901, 23 A.3d 1241 (2011).

The petitioner claims that the court abused its discretion in denying his petition for certification to appeal because his claim that counsel rendered ineffective assistance by failing to advise him to accept the plea offer involves issues that are "debatable among jurists of reason, a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) The petitioner relies on our recent decision in *Barlow* v. *Commissioner of Correction*, 150 Conn. App. 781, 93 A.3d 165 (2014), in support of his claim. The petitioner's reliance, however, is misplaced because *Barlow* is distinguishable from the present case.

In *Barlow*, "[trial counsel] testified during the habeas trial that she refrained from giving the petitioner *any advice* on the plea offer proposed by the court; she merely gave him the facts of the offer, providing *no assistance or advice* as he weighed his options. . . . [Trial counsel] gave the petitioner no professional assessment of the court's offer of nine years to serve in the context of the facts underlying the charges against him and his potential total sentence exposure." (Emphasis altered; footnote omitted.) Id., 801–802. We concluded that, "[a]lthough we agree with the habeas court that [trial counsel] had no obligation in this case specifically to tell the petitioner whether to take the court's plea offer . . . [trial counsel] had an obligation to provide advice and assistance to the petitioner regarding that plea offer, which, she admittedly failed to do." Id., 796–97. We reasoned that, "[a]lthough the defendant ultimately must decide whether to accept a plea offer or proceed to trial, this critical decision, which in many instances will affect a defendant's liberty, should be made by a represented defendant with

the adequate professional assistance, advice, and input of his or her counsel. Counsel should not make the decision for the defendant or in any way pressure the defendant to accept or reject the offer, but counsel should give the defendant his or her professional advice on the best course of action given the facts of the particular case and the potential total sentence exposure." (Emphasis omitted.) Id., 800.

Unlike trial counsel in *Barlow*, who provided no advice or assistance to her client on the plea offer, trial counsel in the present case explained to the petitioner the strengths and weaknesses of the state's case, the charges he was facing, and the maximum sentence he would be exposed to if he was unsuccessful at trial. Trial counsel explained that the petitioner would likely receive a significantly higher sentence than twelve years if he was convicted at trial, that he believed that the state had a strong case against the petitioner, and that it would be a difficult case to win because most of the witnesses were police officers, and one of the police officers had sustained permanent serious injury. Although trial counsel left the ultimate decision of whether to accept or to reject the offer to the petitioner, he provided the petitioner with adequate professional advice on the options and the best course of action, unlike trial counsel in *Barlow*, given the facts of the case and the petitioner's potential total sentence exposure.

We, therefore, conclude, after a thorough review of the record, that the petitioner failed to establish that the issue he raised is debatable among jurists of reason, that a court could resolve it in a different manner, or that the question he raised is adequate to deserve encouragement to proceed further. Accordingly, we conclude that the court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

[1] For clarification, the petitioner made no claim in his direct appeal as to the convictions of assault of a peace officer or possession of a sawed-off shotgun. *State* v. *Andrews*, 114 Conn. App. 738, 740 n.1, 971 A.2d 63, cert. denied, 293 Conn. 901, 975 A.2d 1277 (2009). The judgment of conviction was, therefore, affirmed on appeal as to the two challenged convictions—attempt to commit assault in the first degree and attempt to commit assault of a peace officer. Id., 740 and n.1.

[2] The petitioner's second revised amended petition for habeas corpus also contained other claims that his trial counsel was ineffective and a claim that his appellate counsel provided ineffective assistance. On appeal, the petitioner claims only that the habeas court improperly determined that his trial counsel provided effective assistance with respect to the plea offer in question.